Weygandt, C. J.,
dissents for the cogent reasons unanimously expressed by the lower courts.
It is not even contended that this highway meets the statutory definition of a so-called limited access highway. Under the provisions of Section 1178-21, General Code (Section 5511.02, Eevised Code), it must be a thoroughfare “especially designed for through traffic and over which abutting property owners have no easement or right of access by reason of the fact that their property abuts upon such highway and access to which may be allowed only at highway intersections.” As pertinently observed by the lower courts, the defendant does not contend that this highway was “especially designed for through traffic.”
Ñor can it be seen how any contention could be made that this is a highway especially designed for through traffic when one considers the manner in which this highway was constructed. In 1940 the first section of this four-lane highway was constructed from Columbus to West Jefferson with no mention of limited access. In 1948 and 1949, the second section was similarly constructed from the west limits of West Jefferson to the east limits of Lafayette. Then, in 1951 the section under consideration was constructed, and at that time the entire section from West Jefferson to the Madison-Clarh county line was designated a limited access highway. To grant the highway director this authority would permit him, in his unbridled discretion, to designate any existing highway, regardless of its age or original construction, a limited access highway and extinguish all existing rights of access thereon.
Ñor does the defendant contend that this highway meets the requirement that it must be a thoroughfare “over which abutting property owners have no easement or right of access by reason of the fact that their property abuts upon such highway and access *530 to which may be allowed only at highway intersections.” Instead, as to one group of property owners, the defendant has condemned all rights of access to respective properties. As to a second group, the defendant has taken access rights except that a private driveway has been reserved to each owner. As to a third group, the right of access has been extinguished from part of the respective parcels and not from other parts. As to a fourth group located along the entire south side of the highway, the access rights have been left undisturbed. Hence,. the confused status of this so-called limited access highway varies all the way from unlimited access to none at all.
Not only does this discrimination fail to meet the requirement of the statutory definition but it is a clear violation of the equal protection clauses of the federal and state Constitutions.
If it is held that such authority is conferred on the defendant Director of Highways, it would seem that this legislation should be re-examined immediately by the General Assembly. Ohio, of course, is in need of highway improvement, but, even in these days of steadily increasing bureaucracy, it is to be wondered whether it is necessary therefor to employ the heavy hand of government in this discriminatory fashion.